CASE 28.—ACTION BY THE CITY OF HARRODSBURG AGAINST THE EAST TENNESSEE TELEPHONE COMPANY.—November 3, 1909.

## East Tennessee Telp. Co. v. City of Harrodsburg

Appeal from Mercer Circuit Court.

W. C. BELL, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Reversed.

Telegraphs and Telephones—Regulation—Charges — "Business Service."—The words "business service," in a telephone company's franchise fixing the maximum rate for such service, mean the ordinary service between business men and other citizens within the radius specified, and do not include service rendered to a telegraph company under a joint traffic arrangement which does not increase the cost of the service rendered by the latter company.

E. H. GAITHER for appellant.

C. E. RANKIN and R. W. KEENON for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Reversing.

Appellant, East Tennessee Telephone Company, is the owner of a franchise for the maintenance and operation of a system of telephone service in Harrodsburg and Mercer county, Kentucky. Section 6 of the franchise is, in part, as follows: "The maximum rate during the term of this franchise shall be as follows:  *   *   *  For business service within a radius of one and one-half miles from the exchange, one party line, per month, $2.75; the same service, two party line, per month, $2.00.  *   *   *  In the event the foregoing provisions of this section, or any of them, shall be violated by the owner or operator of said system of said telephone, or any manager or agent, or servant of said owner or operator, or its assigns, by charging, demanding, collecting, or receiving any sum in excess of the rates herein provided for, said owner or operator shall forfeit to the city of Harrodsburg the sum of ten dollars in liquidated damages for each day said terms are violated, said damages to be for the benefit of the citizens of Harrodsburg, unless said owner or operator shall refund such amount of overcharge when demanded after giving proper evidence of each overcharge." This is an action by the city of Harrodsburg to enforce the penalty above referred to against appellant for an alleged overcharge in its telephone rates. It is charged in the petition that J. D. Parrish is a citizen and resident of Harrodsburg, Kentucky, engaged in transmitting to other points, and receiving from other points and transmitting to said citizens, telegraphic messages; that he is also engaged in the business of receiving for transportation by express freight from the citizens of said town and that community, and the business of delivering to said citizens freight transported to them from other cities, under an

arrangement which he has with the telegraph and express companies which he represents; that he is required to furnish the office room and furniture, and to send out to persons residing a distance from his office the telegraphic messages of persons desiring them sent over the telegraph lines, and for all of his services in said business; that he has in his possession a store in said city, within 250 yards of defendant's Harrodsburg exchange; that, desiring a telephone service as contemplated in, and required by, the franchise referred to, he requested the defendant to furnish it to him; that, in compliance with his request it installed in his building a telephone instrument, and connected him with the Harrodsburg exchange; that he is now, and has at all times been, ready, willing, and able to pay to said defendant the sum of $2.75 for services per month; that said amount has been tendered appellant, but that it refused, and still refuses, to accept the same; that notwithstanding said franchise, the appellant has adopted a different method of charging him for said telephone service; that it demands and charges him 2 cents for each and every call, and 15 per cent. of all sums which he collects for transmitting telegraph messages from Harrodsburg, Ky., to other distant points; that during the month of March, 1909, it demanded, charged, collected, and received from him, for each and every day between February 28, 1909, and April 1, 1909, a period of 31 days, in excess of $2.75 per month for the services furnished him, which charges were paid by him under protest; that complaint of the overcharge was made, and proof thereof offered to appellant, but that it failed and refused to refund any sum on account thereof. It is then charged that, by reason of the violation of its

franchise agreement and the overcharge exacted of J. D. Parrish, appellant had become indebted to plaintiff in the sum of $10 per day for 31 days amounting to $310. Appellant thereafter filed its answer. The first paragraph contained a general denial of certain allegations of the petition. By the second paragraph the defense is made that John D. Parrish is the agent of the Western Union Telegraph Company, a corporation duly and legally organized and engaged in the business of transmitting and receiving telegraph messages throughout the country; that said Parrish is also the agent of the Southern Express Company, a common carrier of goods and stock, and that said Parrish has no business other than as agent for the said corporations; that under the traffic arrangement with the Western Union Telegraph Company, duly executed in writing, between that company and appellant for the purpose of mutual benefit and profit, appellant made and entered into a contract whereby it agreed to transmit for the Western Union Telegraph Company to each of defendant's subscribers any messages received over the wires of the Western Union Telegraph Company. The charge for this service is 2 cents for each message. It is further stipulated that, for each message delivered over appellant's lines to the Western Union Telegraph Company for transmission over its lines, appellant is to receive 15 per cent. of the net cost of said message to said sender; that said contract embraces all of the exchanges of the appellant, and that it is a valid, binding, and equitable contract, and that the Western Union Telegraph Company and the appellant are mutually bound thereunder and are each attempting to perform and live up to said contract; that the said J. D. Parrish is attempting to

nullify the contract and avoid the provisions thereof
by demanding of the appellant a telephone ostensibly
for his personal business, but with the fraudulent
purpose of using the same to receive and transmit
messages for and from the Western Union Telegraph
Company, and to thereby nullify the said contract
with said company. It is further averred in the sec-
ond paragraph that it had offered to install for Par-
rish's use, individually and as agent of the Southern
Express Company, a telephone at the business rate
of $2.75 per month, and a second phone for the West-
ern Union Telegraph Company under the said agree-
ment and traffic arrangement with said company;
that Parrish has refused to accept said phones under
such conditions; that said contract with the Western
Union Telegraph Company is in full force and effect
in all the exchanges under appellant's control, and
that the same was in existence at the time said tele-
phone was installed in the office of the Western Union
Telegraph Company at Harrodsburg. By amended
answer it is further averred that the contract be-
tween appellant and the Western Union Telegraph
Company was in existence, and that the appellant
and the Western Union Telegraph Company were
each operating under said contract before the pas-
sage of the franchise granted to appellant by the city
of Harrodsburg in 1908; that it offered to said Par-
rish, agent of the Western Union Telegraph Com-
pany, a telephone for all purposes other than busi-
ness of the latter company at the rates fixed by said
ordinance, but that he refused to accept the same.
A demurrer was sustained to the second paragraph
of appellant's answer and to the amendment thereof.
Evidence was then heard, and the case submitted to
the jury. The court peremptorily instructed the jury

to return a verdict in favor of appellee, city of Harrodsburg, for the sum of $310, and the telephone company appeals.

While several grounds for reversal are urged, we deem it necessary to consider only one; that is, the propriety of the court's action in sustaining the demurrer to the second pragraph of the original answer and the amendment thereof.  It appears from these pleadings that appellant and the Western Union Telegraph Company are both public service corporations, engaged in the business of receiving and transmitting messages.  They have made a joint traffic arrangement by which the cost of the messages transmitted by them is to be prorated upon a certain basis.  This arrangement applies to all exchanges under the control of appellant, and to every place where the Western Union Telegraph Company has an office.  According to the franchise the maximum rate is as follows: "For business service within a radius of one and one-half miles from the exchange, one party line, per month, $2.75; the same service, two party line, per month, $2.00."  The question, then, arises: "What is meant by the words "business service" as used in the franchise?  In our opinion the council meant the ordinary business service between the business men and other citizens within the radius specified in the ordinance granting the franchise.  We do not believe the council intended that the words "business service" should include service of the kind rendered by appellant to the Western Union Telegraph Company.  In our opinion the council did not intend to affect in any way the joint traffic arrangement between two such public service corporations as appellant and Western Union Telegraph

Company. If the service rendered by the Western Union Telegraph Company to the citizens of Harrodsburg and vicinity was rendered more costly by reason of the charge exacted by appellant, a different question would be presented. So far as it appears in the answer, the Western Union Telegraph Company alone pays the cost of such service, and pays it under and by virtue of a contract which it has with appellant. There is no increased cost that the citizen is required to pay. The increased cost required of Parrish is not exacted from him as a citizen of Harrodsburg, but only as the agent and representative of the Western Union Telegraph Company. He cannot therefore obtain for his personal use a telephone from appellant, and then as the agent of the Western Union Telegraph Company use the telephone for the purpose of nullifying the contract between appellant and the Western Union Telegraph Company. If the franchise ordinance were intended to apply to a commercial arrangement between two public service corporations, engaged in the same line of business, it is manifest that the telephone company would be placed at a great disadvantage. Its proportion of the profits of the business done would depend, not upon its contract with the telegraph company, but upon the maximum rate fixed for ordinary business service. As said above, we are of opinion that the council did not intend that the maximum rate fixed in the franchise ordinance should control the joint traffic arrangement between two such corporations. We, therefore, conclude that the trial court erred in sustaining appellee's demurrer to the second paragraph of appellant's answer and the amendment thereof.

Judgment reversed, and cause remanded, for proceedings consistent with this opinion.